ORIGINAL

FILED
APR 1 2 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOWARD A. MCKEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. ______________ |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | 07-236 T |
| | ) | |
| Defendant, | ) | |

**COMPLAINT**

Plaintiff, Howard A. McKee, brings this action and alleges:

1. This is an action arising under the internal revenue laws of the United States for the recovery of gift taxes and related interest paid by the plaintiff, Howard A. McKee, for the year 2002.

2. Jurisdiction is conferred on this Court by Title 29, United States Code, Section 1491, and Title 26, United States Code, Section 7422.

3. Plaintiff, Howard A. McKee, is an individual. His present address is 26235 Hickory Blvd., #12D, Bonita Springs, FL 34134. Plaintiff's social security number is 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.

4. The defendant is the United States of America.

5. On or about April 15, 2003, plaintiff timely filed a United States gift tax return (IRS Form 709) for his 2002 taxable year with the Internal Revenue Service Center, Cincinnati, Ohio 45999. The name, address, and identification number of the taxpayer appearing on this return were as follows:

Howard A. McKee
1111 Plaza Drive, Suite 655
Schaumburg, IL 60173
SSN 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

6. Plaintiff timely paid to the Internal Revenue Service Center at Cincinnati, Ohio, the tax reported to be due on his 2002 gift tax return in the following amount and on or before the following date:

April 15, 2003 .................................................. $3,624,204

7. Plaintiff executed an IRS Form 872, "Consent to Extend the Time to Assess Tax," which extended the period within which the Internal Revenue Service could assess a gift tax deficiency for 2002 against plaintiff to December 31, 2006. Such consent also extended for an

additional six months thereafter the period within which plaintiff could timely file a claim for refund of gift taxes paid for 2002.

8. The Internal Revenue Service determined and assessed a gift tax deficiency of $533,115 against plaintiff for 2002. Plaintiff paid this deficiency on May 26, 2006, to the Internal Revenue Service, together with interest thereon in the amount of $96,957. Upon recomputation, the Internal Revenue Service returned $1,334 of interest leaving $95,623 of interest paid.

9. On October 30, 2006, plaintiff timely filed a claim for refund (amended IRS Form 906) with the Internal Revenue Service Center, Cincinnati, Ohio for $1,007,116 in tax and interest previously paid, or such other or greater amount as may be legally refundable, plus interest on such amount as provided by law. A true and correct copy of this claim for refund is attached hereto as Exhibit A.

10. The plaintiff's claim for refund for 2002, all of which related to the valuation of corporate shares gifted by plaintiff, was disallowed by the Internal Revenue Service on March 6, 2007. A true and correct copy of this disallowance is attached hereto as Exhibit B.

**Valuation of Gifted Shares**

11. During 2002, plaintiff transferred as gifts 594 shares of KEECO, Inc. (the "Gifted Shares").

12. On or before April 15, 2003, plaintiff timely filed an IRS Form 709 for 2002 reporting the transfer of the Gifted Shares. In so doing, the plaintiff (i) placed an aggregate value on the Gifted Shares of $7,374,510, (ii) showed United States gift tax due thereon of $3,624,204, and (iii) noted that the tax shown due was being paid therewith.

13. On audit, the Internal Revenue Service erroneously determined that the aggregate value of the Gifted Shares at the time of their transfer was $8,440,740 rather than either (i) the $7,374,510 value shown on the IRS Form 709 or (ii) the actual aggregate value of such shares at the time of their transfer, which was $6,617,754. Based on this determination, the Internal Revenue Service then assessed and collected additional United States gift tax and interest thereon in the respective amounts of $533,115 and $95,623.

14. As a result of its own initial and the Internal Revenue Service's overvaluation of the Gifted Shares, plaintiff has overpaid its gift taxes for 2002 in the amount of $911,493, as well as paid assessed interest not actually due in the amount of $95,623.

15. Plaintiff has made no transfer or assignment of the claims herein presented or any part thereof and is the sole and absolute owner of these claims. No action on these claims has been taken by the Congress of the United States or by any of the departments of the government, other than the action by the Treasury Department hereinbefore described. No other suit or process by plaintiff is pending on such claims in any other court.

WHEREFORE, plaintiff demands judgment in his favor and against the United States:

(i) in the amount of $1,007,116 for the taxable year 2002, or such other amount as may be legally refundable, plus interest as provided by law; and

(ii) for plaintiff's costs, attorneys' fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

Howard A. McKee
26235 Hickory Blvd., #12D
Bonita Springs, FL 3413485
SSN # 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
239-947-7188
847-364-5478 (fax)

Attorney of Record
Jay H. Zimbler
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
312- 853-7000
312-853-7036 (fax)

Dated: April 10, 2007

**Exhibit A**

AMENDED

Form **709**

Department of the Treasury
Internal Revenue Service

# United States Gift (and Generation-Skipping Transfer) Tax Return

(Section 6019 of the Internal Revenue Code) (For gifts made during calendar year 2002)

► See separate instructions.

OMB No. 1545-0020

**2002**

**PART 1 GENERAL INFORMATION**

| | | |
|---|---|---|
| 1 Donor's first name and middle initial: HOWARD A. | 2 Donor's last name: MCKEE | 3 Donor's social security number: 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 |
| 4 Address (number, street, and apartment number): 85 WEST ALGONQUIN ROAD, SUITE 300 | | 5 Legal residence (domicile) (county and state): ILLINOIS |
| 6 City, state, and ZIP code: ARLINGTON HEIGHTS, IL 60005 | | 7 Citizenship: USA |

| | | Yes | No |
|---|---|---|---|
| 8 | If the donor died during the year, check here ..... ► [ ] and enter date of death................. | | |
| 9 | If you received an extension of time to file this Form 709, check here........ ► [X] and attach the Form 4868, 2688, 2350, or extension letter | | |
| 10 | Enter the total number of donees listed on Schedule A – count each person only once............ ► 8 | | |
| 11a | Have you (the donor) previously filed a Form 709 (or 709-A) for any other year? If the answer is 'No,' do not complete line 11b | X | |
| 11b | If the answer to line 11a is 'Yes,' has your address changed since you last filed Form 709 (or 709-A)? | | X |
| 12 | Gifts by husband or wife to third parties. – Do you consent to have the gifts (including generation-skipping transfers) made by you and by your spouse to third parties during the calendar year considered as made one-half by each of you? (See instructions.) (If the answer is 'Yes,' the following information must be furnished and your spouse must sign the consent shown below. If the answer is 'No,' skip lines 13-18 and go to Schedule A.) | | X |
| 13 | Name of consenting spouse / 14 SSN | | |
| 15 | Were you married to one another during the entire calendar year? (see instructions) | | |
| 16 | If the answer to 15 is 'No,' check whether [ ] married [ ] divorced or [ ] widowed, and give date (see instructions) ► | | |
| 17 | Will a gift tax return for this calendar year be filed by your spouse? | | |

18 Consent of Spouse – I consent to have the gifts (and generation-skipping transfers) made by me and by my spouse to third parties during the calendar year considered as made one-half by each of us. We are both aware of the joint and several liability for tax created by the execution of this consent.

Consenting spouse's signature ► Date ►

**PART 2 TAX COMPUTATION**

| | | Line | Amount |
|---|---|---|---|
| 1 | Enter the amount from Schedule A, Part 3, line 15 | 1 | 6,942,582. |
| 2 | Enter the amount from Schedule B, line 3 | 2 | 729,115. |
| 3 | Total taxable gifts (add lines 1 and 2) | 3 | 7,671,697. |
| 4 | Tax computed on amount on line 3 (see Table for Computing Tax in separate instructions) | 4 | 3,611,649. |
| 5 | Tax computed on amount on line 2 (see Table for Computing Tax in separate instructions) | 5 | 240,573. |
| 6 | Balance (subtract line 5 from line 4) | 6 | 3,371,076. |
| 7 | Maximum unified credit (nonresident aliens, see instructions) | 7 | 345,800. |
| 8 | Enter the unified credit against tax allowable for all prior periods (from Schedule B, line 1, column C) | 8 | 220,550. |
| 9 | Balance (subtract line 8 from line 7) | 9 | 125,250. |
| 10 | Enter 20% (.20) of the amount allowed as a specific exemption for gifts made after September 8, 1976, and before January 1, 1977 (see instructions) | 10 | |
| 11 | Balance (subtract line 10 from line 9) | 11 | 125,250. |
| 12 | Unified credit (enter the smaller of line 6 or line 11) | 12 | 125,250. |
| 13 | Credit for foreign gift taxes (see instructions) | 13 | |
| 14 | Total credits (add lines 12 and 13) | 14 | 125,250. |
| 15 | Balance (subtract line 14 from line 6) (do not enter less than zero) | 15 | 3,245,826. |
| 16 | Generation-skipping transfer taxes (from Schedule C, Part 3, column H, Total) | 16 | 0. |
| 17 | Total tax (add lines 15 and 16) | 17 | 3,245,826. |
| 18 | Gift and generation-skipping transfer taxes prepaid with extension of time to file See supplemental stmt | 18 | 4,252,942. |
| 19 | If line 18 is less than line 17, enter balance due (see instructions) | 19 | |
| 20 | If line 18 is greater than line 17, enter amount to be refunded | 20 | 1,007,116. |

ATTACH CHECK OR MONEY ORDER HERE

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than donor) is based on all information of which preparer has any knowledge.

► Signature of donor [signature] Date 10/19/06

**Paid Preparer's Use Only**

Preparer's signature ► [signature: James P. Meade Jr] Date 10-18-06 Check if self-employed .... ► [ ]

Firm's name (or yours if self-employed), address, and ZIP code ► James P. Meade & Associates 135 S LaSalle Street, Ste 3900 Chicago, IL 60603

Phone no. ► (312) 346-4100

Form 709 (2002) HOWARD A. MCKEE 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 Page 2

## Schedule A Computation of Taxable Gifts (Including Transfers in Trust)

A Does the value of any item listed on Schedule A reflect any valuation discount? If the answer is 'Yes,' see instructions . . . Yes [ ] No [X]

B [ ] ◄ Check here if you elect under section 529(c)(2)(B) to treat any transfers made this year to a qualified state tuition program as made ratably over a 5-year period beginning this year. See instructions. Attach explanation.

### Part 1 – Gifts Subject Only to Gift Tax. *Gifts less political organization, medical, and educational exclusions – see instructions.*

| A Item number | B • Donee's name and address • Relationship to donor (if any) • Description of gift • If the gift was made by means of a trust, enter trust's EIN and attach a description or copy of the trust instrument (see instrs) • If the gift was of securities, give CUSIP number | C Donor's adjusted basis of gift | D Date of gift | E Value at date of gift |
|---|---|---|---|---|
| | See Attachment | 72,134. | | 6,617,754. |

Total of Part 1 (add amounts from Part 1, column E) . . . ► 6,617,754.

### Part 2 – Gifts that are Direct Skips and are Subject to Both Gift Tax and Generation-Skipping Transfer Tax. You must list the gifts in chronological order.

*Gifts less political organization, medical, and educational exclusions – see instructions. (Also list here direct skips that are subject only to the GST tax at this time as the result of the termination of an 'estate tax inclusion period.' See instructions.)*

| A Item number | B • Donee's name and address • Relationship to donor (if any) • Description of gift • If the gift was made by means of a trust, enter trust's EIN and attach a description or copy of the trust instrument (see instrs) • If the gift was of securities, give CUSIP number | C Donor's adjusted basis of gift | D Date of gift | E Value at date of gift |
|---|---|---|---|---|
| | See Attachment | 10,339. | | 324,828. |

Total of Part 2 (add amounts from Part 2, column E) . . . ► 324,828.

### Part 3 – Taxable Gift Reconciliation

| | | | |
|---|---|---|---|
| 1 | Total value of gifts of donor (add totals from column E of Parts 1 and 2) | 1 | 6,942,582. |
| 2 | One-half of items ______ attributable to spouse (see instructions) | 2 | |
| 3 | Balance (subtract line 2 from line 1) | 3 | 6,942,582. |
| 4 | Gifts of spouse to be included (from Schedule A, Part 3, line 2 of spouse's return – see instructions) | 4 | |
| | If any of the gifts included on this line are also subject to the generation-skipping transfer tax, check here ► [ ] and enter those gifts also on Schedule C, Part 1. | | |
| 5 | Total gifts (add lines 3 and 4) | 5 | 6,942,582. |
| 6 | Total annual exclusions for gifts listed on Schedule A (including line 4, above) (see instructions) | 6 | |
| 7 | Total included amount of gifts (subtract line 6 from line 5) | 7 | 6,942,582. |

Deductions (see instructions)

| | | | | | |
|---|---|---|---|---|---|
| 8 | Gifts of interests to spouse for which a marital deduction will be claimed, based on items ______ of Schedule A | 8 | | | |
| 9 | Exclusions attributable to gifts on line 8 | 9 | | | |
| 10 | Marital deduction – subtract line 9 from line 8 | 10 | | | |
| 11 | Charitable deduction, based on items ______ less exclusions | 11 | | | |
| 12 | Total deductions – add lines 10 and 11 | | | 12 | |
| 13 | Subtract line 12 from line 7 | | | 13 | 6,942,582. |
| 14 | Generation-skipping transfer taxes payable with this Form 709 (from Schedule C, Part 3, column H, total) | | | 14 | 0. |
| 15 | Taxable gifts (add lines 13 and 14). Enter here and on line 1 of the Tax Computation on page 1 | | | 15 | 6,942,582. |

*(If more space is needed, attach additional sheets of same size.)*

**Schedule A Computation of Taxable Gifts** *(continued)*

16 **Terminable Interest (QTIP) Marital Deduction.** (See instructions for line 8 of Schedule A.)

If a trust (or other property) meets the requirements of qualified terminable interest property under section 2523(f), and

a The trust (or other property) is listed on Schedule A, and

b The value of the trust (or other property) is entered in whole or in part as a deduction on line 8, Part 3 of Schedule A,

then the donor shall be deemed to have made an election to have such trust (or other property) treated as qualified terminable interest property under section 2523(f).

If less than the entire value of the trust (or other property) that the donor has included in Part 1 of Schedule A is entered as a deduction on line 8, the donor shall be considered to have made an election only as to a fraction of the trust (or other property). The numerator of this fraction is equal to the amount of the trust (or other property) deducted on line 10 of Part 3, Schedule A. The denominator is equal to the total value of the trust (or other property) listed in Part 1 of Schedule A.

If you make the QTIP election (see instructions for line 8 of Schedule A), the terminable interest property involved will be included in your spouse's gross estate upon his or her death (section 2044). If your spouse disposes (by gift or otherwise) of all or part of the qualifying life income interest, he or she will be considered to have made a transfer of the entire property that is subject to the gift tax (see Transfer of Certain Life Estates in the instructions).

17 **Election Out of QTIP Treatment of Annuities**

☐ ◄ Check here if you elect under section 2523(f)(6) **NOT** to treat as qualified terminable interest property any joint and survivor annuities that are reported on Schedule A and would otherwise be treated as qualified terminable interest property under section 2523(f). (See instructions.) Enter the item numbers (from Schedule A) for the annuities for which you are making this election ►

**Schedule B Gifts From Prior Periods**

**If you answered 'Yes' on line 11a of page 1, Part 1, see the instructions for completing Schedule B. If you answered 'No,' skip to the Tax Computation on page 1 (or Schedule C, if applicable).**

| A Calendar year or calendar quarter (see instructions) | B Internal Revenue office where prior return was filed | C Amount of unified credit against gift tax for periods after December 31, 1976 | D Amount of specific exemption for prior periods ending before January 1, 1977 | E Amount of taxable gifts |
|---|---|---|---|---|
| 1999 | Kansas City, MO | 211,298. | 0. | 649,995. |
| 2000 | Kansas City, MO | 8,000. | 0. | 21,620. |
| 2001 | Cincinnati, OH | 1,252. | 0. | 57,500. |

| | | C | D | E |
|---|---|---|---|---|
| 1 Totals for prior periods | 1 | 220,550. | 0. | 729,115. |
| 2 Amount, if any, by which total specific exemption, line 1, column D, is more than $30,000 | 2 | | | |
| 3 Total amount of taxable gifts for prior periods (add amount, column E, line 1, and amount, if any, on line 2). (Enter here and on line 2 of the Tax Computation on page 1.) | 3 | | | 729,115. |

HOWARD A. MCKEE 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

Form 709 (2002) Page 4

## Schedule C Computation of Generation-Skipping Transfer Tax

**Note:** *Inter vivos direct skips that are completely excluded by the GST exemption must still be fully reported (including value and exemptions claimed) on Schedule C.*

### Part 1 — Generation-Skipping Transfers

| A Item Number (from Schedule A, Part 2, column A) | B Value (from Schedule A, Part 2, column E) | C Split Gifts (enter 1/2 of column B) (see instructions) | D Subtract column C from column B | E Nontaxable portion of transfer | F Net Transfer (subtract column E from column D) |
|---|---|---|---|---|---|
| 1 | 108,234. | 0. | 108,234. | 0. | 108,234. |
| 2 | 108,297. | 0. | 108,297. | 0. | 108,297. |
| 3 | 108,297. | 0. | 108,297. | 0. | 108,297. |
| | | | | | |
| | | | | | |
| | | | | | |

If you elected gift splitting and your spouse was required to file a separate Form 709 (see the instructions for 'Split Gifts'), you must enter all of the gifts shown on Schedule A, Part 2, of your spouse's Form 709 here.

In column C, enter the item number of each gift in the order it appears in column A of your spouse's Schedule A, Part 2. We have preprinted the prefix 'S-' to distinguish your spouse's item numbers from your own when you complete column A of Schedule C, Part 3.

In column D, for each gift, enter the amount reported in column C, Schedule C, Part 1, of your spouse's Form 709.

| Split gifts from spouse's Form 709 (enter item number) | Value included from spouse's Form 709 | Nontaxable portion of transfer | Net transfer (subtract column E from column D) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### Part 2 — GST Exemption Reconciliation (Section 2631) and Section 2652(a)(3) Election

Check box ► ☐ if you are making a section 2652(a)(3) (special QTIP) election (see instructions)

Enter the item numbers (from Schedule A) of the gifts for which you are making this election ►

| | | | |
|---|---|---|---|
| 1 | Maximum allowable exemption (see instructions) | 1 | 1,100,000. |
| 2 | Total exemption used for periods before filing this return | 2 | 671,615. |
| 3 | Exemption available for this return (subtract line 2 from line 1) | 3 | 428,385. |
| 4 | Exemption claimed on this return (from Part 3, column C total, below) | 4 | 324,828. |
| 5 | Exemption allocated to transfers not shown on Part 3, below. **You must attach a Notice of Allocation.** (See instructions.) | 5 | |
| 6 | Add lines 4 and 5 | 6 | 324,828. |
| 7 | Exemption available for future transfers (subtract line 6 from line 3) | 7 | 103,557. |

### Part 3 — Tax Computation

| A Item Number (from Schedule C, Part 1) | B Net transfer (from Schedule C, Part 1, column F) | C GST Exemption Allocated | D Divide column C by column B | E Inclusion Ratio (subtract column D from 1.000) | F Maximum Estate Tax Rate | G Applicable Rate (multiply column E by column F) | H Generation-Skipping Transfer Tax (multiply column B by column G) |
|---|---|---|---|---|---|---|---|
| 1 | 108,234. | 108,234. | 1.000 | 0.000 | 50% (.50) | 0.000 | 0. |
| 2 | 108,297. | 108,297. | 1.000 | 0.000 | 50% (.50) | 0.000 | 0. |
| 3 | 108,297. | 108,297. | 1.000 | 0.000 | 50% (.50) | 0.000 | 0. |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| | | | | | 50% (.50) | | |
| Total exemption claimed. Enter here and on line 4, Part 2, above. May not exceed line 3, Part 2, above | | 324,828. | **Total generation-skipping transfer tax.** Enter here, on line 14 of Schedule A, Part 3, and on line 16 of the Tax Computation on page 1 | | | | 0. |

*(If more space is needed, attach additional sheets of same size.)*

Form 709

Donor's name: HOWARD A. MCKEE

Social security number: 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

## SCHEDULE A Computation of Taxable Gifts

Part 1 - Gifts Subject Only to Gift Tax. Gifts less political organization, medical, and educational exclusions - see instructions

| A Item number | B • Donee's name and address • Relationship to donor (if any) • Description of gift • If the gift was made by means of a trust, enter trust's EIN and attach a description or copy of the trust instrument (see instructions) • If the gift was of securities, give CUSIP number | C Donor's adjusted basis of gift | D Date of gift | E Value at date of gift |
|---|---|---|---|---|
| 1 | MCKEE QUALIFIED SUB-S TR<br>FBO CYNTHIA M. HINMAN<br>85 WEST ALGONQUIN ROAD, STE 30<br>ARLINGTON HEIGHTS, IL 60005<br>36-7370259<br>119 SHARES OF KEECO, INC. TO MCKEE QUALIFIED SUBCHAPTER S TRUST FOR THE BENEFIT OF CYNTHIA M. HINMAN | 14,451. | 3/20/02 | 1,325,779. |
| 2 | MCKEE QUALIFIED SUB-S TRUST<br>FBO JANET M. GRIESINGER<br>85 W ALGONQUIN ROAD, STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7370257<br>118 SHARES OF KEECO, INC TO THE MCKEE QUALIFIED SUBCHAPTER S TRUST FBO JANET M. GRIESINGER | 14,330. | 3/20/02 | 1,314,638. |
| 3 | MCKEE QUALIFIED SUB-S TRUST<br>FBO WILLIAM A. MCKEE<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7370255<br>119 SHARES OF KEECO, INC TO THE MCKEE QUALIFIED SUBCHAPTER S TRUST FBO WILLIAM A. MCKEE | 14,451. | 3/20/02 | 1,325,779. |
| 4 | MCKEE QUALIFIED SUB-S TR<br>FBO JEAN M. BARRY<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7370253<br>119 SHARES OF KEECO, INC TO THE MCKEE QUALIFIED SUBCHAPTER S TRUST FBO JEAN M. BARRY | 14,451. | 3/20/02 | 1,325,779. |
| 5 | MCKEE QUALIFIED SUB-S TRUST<br>FBO BARBARA M. BAYS<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7370254<br>119 SHARES OF KEECO, INC. TO THE MCKEE QUALIFIED SUBCHAPTER S TRUST FBO BARBARA M. BAYS | 14,451. | 3/20/02 | 1,325,779. |
| | Total Schedule A, Part 1 | $ 72,134. | | $ 6,617,754. |

Form 709

Donor's name: HOWARD A. MCKEE

Social security number: 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

**SCHEDULE A** Computation of Taxable Gifts

**Part 2 - Gifts That are Direct Skips and are Subject to Both Gift Tax and Generation-Skipping Transfer Tax. You must list the gifts in chronological order.** Gifts less political organization, medical, and educational exclusions - see instructions. (Also list here direct skips that are subject only to the GST tax at this time as the result of the termination of an "estate tax inclusion period." See instructions.)

| A Item number | B • Donee's name and address • Relationship to donor (if any) • Description of gift • If the gift was made by means of a trust, enter trust's EIN and attach a description or copy of the trust instrument (see instructions) • If the gift was of securities, give CUSIP number | C Donor's adjusted basis of gift | D Date of gift | E Value at date of gift |
|---|---|---|---|---|
| 1 | HOWARD MCKEE 1999 TRUST FBO<br>CYNTHIA M. HINMAN FAMILY TRUST<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-72855402<br>HOWARD MCKEE 1999 TRUST<br>1,746 SHARES OF FIFTH THIRD BANK<br>FBO CYNTHIA M. HINMAN FAMILY TRUST | 3,445. | 1/03/02 | 108,234. |
| 2 | HOWARD MCKEE 1999 TRUST<br>FBO JEAN M. BARRY FAMLY TRUST<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7285402<br>1,747 SHARES OF FIFTH THIRD BANK<br>HOWARD MCKEE 1999 TRUST FBO<br>JEAN M. BARRY FAMILY TRUST | 3,447. | 1/03/02 | 108,297. |
| 3 | HOWARD MCKEE 1999 TRUST FBO<br>WILLIAM A MCKEE FAMILY TRUST<br>85 WEST ALGONQUIN ROAD STE 300<br>ARLINGTON HEIGHTS, IL 60005<br>36-7285402<br>1,747 SHARES OF FIFTH THIRD BANK<br>HOWARD MCKEE 1999 TRUST FBO<br>WILLIAM MCKEE FAMILY TRUST | 3,447. | 1/03/02 | 108,297. |
| | Total for Schedule A, Part 2 | $ 10,339. | | $ 324,828. |

2002 | **Federal Gift Tax Donee Reconciliation** | Page 1

Client 3

10/18/06 | HOWARD A. MCKEE | 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

02:42PM

| Donee / Gift | Item Number* | Date | FMV | Split with Spouse | Annual Exclusion | Marital Deduction | Charitable Deduction | Net Gift | GST Exemption |
|---|---|---|---|---|---|---|---|---|---|
| **MCKEE QUALIFIED SUB-S TR** | | | | | | | | | |
| 119 SHARES OF KEECO, INC. TO MCKEE QUALIFIE | P1-1 | 3/20/02 | 1,325,779. | | | | | 1,325,779. | |
| | | | 1,325,779. | | | | | 1,325,779. | |
| **MCKEE QUALIFIED SUB-S TRUST** | | | | | | | | | |
| 118 SHARES OF KEECO, INC TO THE MCKEE QUAL | P1-2 | 3/20/02 | 1,314,638. | | | | | 1,314,638. | |
| | | | 1,314,638. | | | | | 1,314,638. | |
| **MCKEE QUALIFIED SUB-S TRUST** | | | | | | | | | |
| 119 SHARES OF KEECO, INC TO THE MCKEE QUAL | P1-3 | 3/20/02 | 1,325,779. | | | | | 1,325,779. | |
| | | | 1,325,779. | | | | | 1,325,779. | |
| **MCKEE QUALIFIED SUB-S TR** | | | | | | | | | |
| 119 SHARES OF KEECO, INC TO THE MCKEE QUAL | P1-4 | 3/20/02 | 1,325,779. | | | | | 1,325,779. | |
| | | | 1,325,779. | | | | | 1,325,779. | |
| **MCKEE QUALIFIED SUB-S TRUST** | | | | | | | | | |
| 119 SHARES OF KEECO, INC. TO THE MCKEE QUA | P1-5 | 3/20/02 | 1,325,779. | | | | | 1,325,779. | |
| | | | 1,325,779. | | | | | 1,325,779. | |
| **HOWARD MCKEE 1999 TRUST FBO** | | | | | | | | | |
| HOWARD MCKEE 1999 TRUST | P2-1 | 1/03/02 | 108,234. | | | | | 108,234. | 108,234. |
| | | | 108,234. | | | | | 108,234. | 108,234. |
| **HOWARD MCKEE 1999 TRUST** | | | | | | | | | |
| 1,747 SHARES OF FIFTH THIRD BANK | P2-2 | 1/03/02 | 108,297. | | | | | 108,297. | 108,297. |
| | | | 108,297. | | | | | 108,297. | 108,297. |
| **HOWARD MCKEE 1999 TRUST FBO** | | | | | | | | | |
| 1,747 SHARES OF FIFTH THIRD BANK | P2-3 | 1/03/02 | 108,297. | | | | | 108,297. | 108,297. |
| | | | 108,297. | | | | | 108,297. | 108,297. |
| **GST Taxes Payable** | | | | | | | | 0. | |
| **Grand Total** | | | 6,942,582. | 0. | 0. | 0. | 0. | 6,942,582. | 324,828. |

* P1 = Schedule A, Part 1, P2 = Schedule A, Part 2, S = Spouse's Gift

2002 **Supplemental Information** Page 1

Client 3 HOWARD A. MCKEE 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

10/18/06 02:42PM

Extended Returns
Amount paid with extension request

| | | |
|---|---|---|
| TAX PAID WITH EXTENSION | $ | 3,624,204. |
| TAX PAID WITH FORM 4089 | | 533,115. |
| INTEREST PAID WITH FORM 4089 | | 95,623. |
| Total | $ | 4,252,942. |

Exhibit B

IRS Department of the Treasury
Internal Revenue Service
P.O. Box 145500
Cincinnati OH 45250-5500

71836086645481046975

In reply refer to: 0283322760
Mar. 06, 2007 LTR 105C 0
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V 200212 51 000 1
00003294
BODC: SB

HOWARD A MCKEE
% JAMES P MEADE
135 S LASALLE STREET STE 3900
CHICAGO IL 60603

CERTIFIED MAIL

Taxpayer Identification Number: 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V
Kind of Tax: Gift Tax Return Form 709
Amount of Claim : $ 911,493.00

Date of Claim(s) Received: Oct. 18, 2006
Tax Period : Dec. 31, 2002

WE COULDN'T ALLOW YOUR CLAIM

Dear Taxpayer:

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
We are disallowing this claim per your request.

IF YOU DISAGREE

If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court. These courts are part of the judiciary branch of the federal government and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the date of this letter. However, if you signed an agreement that waived your right to the notice of disallowance (Form 2297), the period for filing suit begins on the date you filed the waiver.

HOW TO CONTACT US

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

0283322760
Mar. 06, 2007 LTR 105C 0
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V 200212 51 000 1
00003295

HOWARD A MCKEE
% JAMES P MEADE
135 S LASALLE STREET STE 3900
CHICAGO IL 60603

Telephone Number ( )________________________ Hours________________

Sincerely yours,

R. A. Mitchell

R.A. Mitchell, Director
Campus Compliance, Cincinnati

Enclosure(s):
Publication 1