IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-236 T
(Judge Bruggink)

HOWARD A. MCKEE,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC Appendix A, paragraph 4, the parties report as follows:

(a) Jurisdiction. The jurisdiction of this Court over plaintiff's complaint, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1). Defendant is not presently aware of any basis upon which it would contest the Court's jurisdiction over plaintiff's complaint, in whole or part.

(b) Consolidation. The parties are unaware of any other pending cases with which this case should be consolidated.

(c) Bifurcation. This is a tax refund suit and as such there are no damages at issue. Plaintiff must demonstrate that he is entitled to a refund of taxes and the amount of such refund.

(d) Deferral of further proceedings. The parties are not aware of any reason to defer any proceedings in this case based on other pending cases.

(e) Remand or suspension. This is a tax refund suit, so remand is not an option.

(f) Additional parties. The parties are not aware of any additional parties to be joined.

(g) Dispositive motions. At this time, the parties do not intend to file dispositive motions. As this tax refund suit concerns the valuation of certain stock and expert testimony is expected from both parties, disposition by summary judgment is not likely to be a viable option for resolving this action.

(h) Relevant issues. The issue in a tax refund suit is whether the plaintiff can establish that the taxes at issue have been overpaid. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). Here, the subsidiary issue is the fair market value of certain stock of a closely held company that the plaintiff transferred on or about March 20, 2002, to five separate "qualified subchapter S" trusts. On his original 2002 federal gift tax return, plaintiff claimed that this stock had an aggregate value reflecting a value of $12,415 per share and paid federal gift taxes accordingly. The Internal Revenue Service ("IRS") determined a value of $14,210 per share and assessed additional gift taxes and interest accordingly. Subsequent to this determination, plaintiff filed a claim for refund with the IRS that sought refund of an amount of tax reflecting a value of $11,141 per share.

(i) Settlement. The parties do not believe that utilizing alternative dispute resolution methods would be helpful in this case. Plaintiff has already brought the matter raised in this action to the IRS Appeals office, and further pursued Post-Appeals mediation with the IRS while the case was at Appeals, and was unable to reach a settlement with that office. The Tax Division has an excellent record of settling appropriate cases without invoking ADR techniques. If there is an opportunity to settle this case before commencing trial, the parties will pursue that opportunity.

(j) Trial. If the case is not settled, resolution by trial is expected. An expedited trial

schedule would not be appropriate as extensive fact and expert discovery is necessary.

(k) Electronic case management. This case has been designated as an ECF case. The parties do not anticipate any special electronic case management needs at this time.

(l) Other information. The early meeting of counsel required by RCFC Appendix A, ¶ 3, took place on October 23, 2007.

**DISCOVERY PLAN**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

(1) Initial Disclosures. The initial disclosures required by RCFC 26(a)(1) will be exchanged no later than November 30, 2007.

(2) Fact Discovery. Fact discovery will be completed on or before November 30, 2008.

(3) Expert Disclosures and Discovery. The parties expect to offer expert testimony if this case proceeds to trial. To this end, the parties propose the following schedule for expert disclosures and discovery:

(i) Plaintiff's Experts. Plaintiff will make the disclosures required by RCFC 26(a)(2) on or before June 1, 2008. Depositions of plaintiff's experts will be completed on or before September 15, 2008.

(ii) Defendant's Experts. Defendant will make the disclosures required by RCFC 26(a)(2) on or before July 1, 2008. Depositions of defendant's experts will be completed on or before October 15, 2008.

(iii) Rebuttal Experts. Disclosure of rebuttal experts or reports contemplated by RCFC 26(a)(2)(C) will take place on or before November 1, 2008. Depositions of experts on rebuttal opinions will be completed on or before November 30, 2008.

(iv) Expert Discovery Cut-off. Expert discovery will be completed on or before November 30, 2008.

Respectfully submitted,

October 29, 2007

s/ Jay H. Zimbler
JAY H. ZIMBLER
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
TELEPHONE (312) 853-2232
FACSIMILE (312) 853-7036
jzimbler@sidley.com

*Attorney for Plaintiff*

October 29, 2007

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

RICHARD T. MORRISON
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section
ROBERT J. HIGGINS
Senior Trial Attorney

October 29, 2007

s/ G. Robson Stewart
Of Counsel

*Attorneys for Defendant*